IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BOARDS OF TRUSTEES OF THE OHIO LABORERS BENEFITS,** | : <br> : Case No. 2:24-cv-3039 <br> : |
| **Plaintiff,** | : <br> : Judge Algenon L. Marbley <br> : |
| v. | : Magistrate Judge Elizabeth P. Deavers <br> : |
| **CROWE CONSTRUCTION INC.,** | : <br> : |
| **Defendant.** | : |

## <u>OPINION & ORDER</u>

This matter is before the Court on Plaintiffs' Motion for Default Judgment (ECF No. 11). For the reasons that follow, Plaintiffs' Motion (ECF No. 11) is **GRANTED**; **DEFAULT JUDGMENT** is entered against Defendant Crowe Construction, Inc. ("Crowe); and Plaintiffs are awarded **$38,523.09** in total contributions, damages, interest, and fees as set forth below.

## I. BACKGROUND

Plaintiffs are the fiduciaries of four employee benefit plans and one labor-management cooperative trust,[1] collectively known as the "Ohio Laborers Benefits." (ECF No. 1 ¶ 4). They bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.; and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, *et seq*. (ECF No. 1 ¶¶ 2–3). Plaintiffs seek to collect delinquent contributions, liquidated damages, and interest as a result of Defendant Crowe Construction, Inc.'s ("Crowe") failure to abide by the terms of governing plan documents that require Defendant timely to remit

---

[1] The four employee benefit plans are: (1) the Ohio Laborers' District Council - Ohio Contractors' Association Insurance Fund; (2) the Laborers' District Council and Contractors' Pension Fund of Ohio; (3) the Ohio Laborers' Annuity Fund, and (4) the Ohio Laborers' Training and Apprenticeship Trust Fund. The labor-management cooperative trust is the Ohio Laborers' District Council – Ohio Contractors' Association Cooperation. (ECF No. 1 ¶ 4).

contributions to Plaintiffs and to permit Plaintiffs access to its financial records. (*Id.* at 1; *id.* ¶ 15; *id.* at 5 – 6).

Defendant Crowe is a signatory employer and a party to various successive versions of local Collective Bargaining Agreements (CBAs) with the Ohio Laborers' District Council, and its Laborers' Local 758 and Laborers' Local 894. (*Id.* ¶ 7). By virtue of executing the CBAs, Crowe was "bound to the Agreements and Declarations of Trust establishing the Ohio Laborers Benefits and the LIUNA Tri-Funds." (*Id.* ¶ 8). According to Plaintiff, these documents required Defendant "to file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Ohio Laborers Benefits on behalf of all persons as defined in the aforesaid CBAs." (*Id.* ¶ 9). Additionally, "the CBAs, the Agreements and Declarations of Trust, and the rules and regulations promulgated by the Boards of Trustees of the Ohio Laborers Benefits authorize Plaintiffs to conduct an audit of financial records, collect delinquent contributions, and assess and collect liquidated damages where an employer like Defendant fails to timely remit required contributions and deductions." (*Id.* ¶ 10).

Plaintiffs allege that Defendant, in breach of the CBAs, has "refused to permit Plaintiffs' auditors access to Defendant's financial records from January 2022." (*See id.* ¶ 11). Plaintiffs filed this action seeking access to Crowe's financial records to perform an audit to hold Crowe liable for delinquent contributions, liquidated damages, interest, and attorney's fees pursuant to ERISA § 502, 29 U.S.C. § 1132; and LMRA § 301, 29 U.S.C. § 185. (*See generally* ECF No. 1).

On May 30, 2024, Plaintiffs filed their Complaint. (ECF No. 1). Crowe was served with a Summons and a copy of the Complaint on June 19, 2024. (ECF No. 7). Crowe failed to appear or file a timely answer. Consequently, on July 11, 2024, Plaintiffs applied to the Clerk for entry of default against Crowe, which the Clerk then entered. (ECF Nos. 4 & 5).

On August 7, 2024, this Court granted Plaintiffs' Motion to Accelerate Discovery, ordering Defendant to appear for a deposition and respond to Plaintiffs' discovery requests. (ECF No. 7). A status report subsequently filed by Plaintiffs confirmed that Defendant ultimately produced the necessary financial documents and an audit was performed. (ECF No. 8). According to Plaintiffs, on October 22, 2024, Plaintiffs sent Defendant its Detailed Audit Findings and asked for payment of delinquent contributions, liquidated damages, interest, and attorney's fees, or written objections to the audit results no later than November 1, 2024. (*Id.*). After Crowe failed to pay or otherwise object to Plaintiffs' audit results, Plaintiffs moved for default judgment on January 3, 2025. (ECF No. 11). Crowe has not responded. This matter is now ripe for resolution.

## II. DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 governs defaults and default judgments. The first step is entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default is entered, a party may take the second step by moving for default judgment. Fed. R. Civ. P. 55(b). At that stage, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (internal quotation marks omitted).

"An entry of default does not automatically entitle the plaintiff to a default judgment." *Methe v. Amazon.com.dedc, LLC*, 2019 WL 3082329, at *1 (S.D. Ohio July 15, 2019). "The plaintiff must still show that, when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." *Id.*; *see also F.C. Franchising Sys., Inc. v. Schweizer*, 2012 WL 1945068 at *3 (S.D. Ohio May 30, 2012) ("[I]t remains for the district court

3

to consider whether the unchallenged facts constitute a cause of action, since a party in default does not admit mere conclusions of law." (quoting *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010))).

When considering whether to enter default judgment, the Sixth Circuit instructs courts to consider the following factors:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); and *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193–94 (6th Cir. 1986)). This Court will address these factors in a slightly different order, beginning with the sufficiency of the Complaint and the merits of the claims.

### A. Sufficient and Meritorious Claims

Plaintiffs bring their claims under ERISA and LMRA. An employer that is a signatory to a collective bargaining agreement violates ERISA if it fails to make contributions to employee plans in accordance with the terms and conditions of that agreement. 29 U.S.C. §1145; *see Iron Workers Dist. Council of S. Ohio & Vicinity Benefit Tr. v. ALW Constr. LLC*, 2019 WL 4170211, at *2 (S.D. Ohio Sept. 3, 2019). Similarly, those acts may state a claim for breach of contract between an employer and a labor organization, hearable under LMRA. 29 U.S.C. § 185(a).

Taking the factual allegations as true, the Court finds that the Complaint states sufficient and meritorious claims against Crowe. The Complaint alleges that Crowe is a signatory to the CBAs and is bound by its terms. (ECF No. 1 ¶¶ 7–9). In turn, the CBAs binds Defendant Crowe to the "Agreements and Declarations of Trust establishing the Ohio Laborers Benefits and the

4

LIUNA Tri-Funds." (*Id.* ¶ 8). These documents required Defendant "to file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Ohio Laborers Benefits on behalf of all persons as defined in the aforesaid CBAs." (*Id.* ¶ 9). They also authorize Plaintiffs "to conduct an audit of financial records, collect delinquent contributions, and assess and collect liquidated damages where an employer like Defendant fails to timely remit required contributions and deductions." (*Id.* ¶ 10).

Plaintiffs claim that during the ERISA audit, they discovered that Defendant failed to make timely contributions to the Plans for some months between January 2022 through August 2024, as required by the governing agreements. (*See* ECF No. 11–1 ¶ 15). The Complaint therefore states valid claims under ERISA and LMRA. This factor weighs in favor of default judgment.

### B. Prejudice to Plaintiffs

Plaintiffs likely will be prejudiced if their Motion is denied. Plaintiffs filed this suit over a year ago (*see* ECF No. 1) and still they remain without relief. To deny default judgment would render Plaintiffs' effort at a civil resolution futile, while rewarding Crowe's avoidance of this litigation. Moreover, were Plaintiffs to file another lawsuit, all indications are that they would return to this stage: default judgment. Courts find the prejudice factor to be satisfied under such circumstances. *See, e.g.*, *Toler v. Glob. Coll. of Nat. Med., Inc.*, 2016 WL 67529, at *7 (E.D. Mich. Jan. 6, 2016). Accordingly, the prejudice factor weighs in favor of default judgment.

### C. Amount of Money at Stake

Next, the Court considers the amount of money at stake. Plaintiffs request a total award of $38,523.09. This total is on the lower end of the spectrum for typical federal cases, and the Court has identified several other cases from this District granting default judgments in similar or greater amounts on similar claims. *See, e.g.*, *Cincinnati Children's Hosp. Ret. Plan v. Wall*, 2020 WL

5797916, at *4 (S.D. Ohio Sept. 29, 2020) (awarding over $35,000); *Iron Workers Dist. Council of S. Ohio & Vicinity Ben. Tr. v. Elite Iron Servs. L.L.C.*, 2013 WL 4520256, at *2 (S.D. Ohio Aug. 26, 2013) (awarding over $160,000); *Iron Workers Dist. Council of S. Ohio & Vicinity Ben. Tr. v. Hoosier Steel, Inc.*, 2012 WL 1122809, at *4 (S.D. Ohio Apr. 3, 2012) (awarding over $300,000); *GCIU-Emp'r Ret. Fund v. S. Rosenthal & Co.*, 2009 WL 238792, at *1 (S.D. Ohio Jan. 29, 2009) (awarding over $40,000). Accordingly, the Court will treat this factor as favoring default judgment.

### D. Possible Disputed Material Facts

As for the possibility of disputed material facts, Crowe has given this Court nothing to evaluate; it has not participated in this case in any capacity. By failing to respond by the pleading deadline, it "forfeited [its] right to dispute any of Plaintiff[s'] allegations by not answering the Complaint." *Tomlinson v. E. Recovery & Remediation Grp., LLC*, 2019 WL 1380313, at *4 (E.D. Mich. Mar. 27, 2019). Given the silence from Crowe for over a year and its failure to object to Plaintiff's audit results, it seems unlikely it would dispute the factual allegations even if provided the opportunity. Thus, this factor weighs in favor of default judgment.

### E. Default Due to Excusable Neglect

It is not apparent whether excusable neglect played a role in Crowe's default in this case. Despite being properly served and providing Plaintiffs with the discovery necessary to perform an audit, Crowe never made an appearance or filed a response to the Complaint. Their reasons are unknown, so the Court treats this factor as neutral.

### F. Preference for Decisions on the Merits

Finally, the Court must consider "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472. Inevitably, this factor is in

6

tension with default judgment. Where trial on the merits is not attainable, however, courts recognize that this policy preference must yield to the needs of litigants actually before them. *See, e.g.*, *Toler*, 2016 WL 67529, at *9 ("[W]hile public policy favors resolution of cases on the merits, Defendants and their Counsel have consistently ignored opportunities for a merits-based resolution by refusing to respond in this matter . . . . 'Effective judicial administration requires that at some point disputes be treated as finally and definitively resolved.'" (quoting 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2693 (3d ed.))). Since no other factors disfavor default judgment, and since a decision on the merits is neither realistic nor attainable in this case, policy preferences will not preclude Plaintiffs' requested relief.

Plaintiffs' Motion for Default Judgment (ECF No. 10) is **GRANTED**.

### III. DAMAGES AND FEES

Having found default judgment proper, the Court next must determine the appropriate measure of damages. Rule 55(b)(2) permits the Court to conduct an evidentiary hearing to determine damages, but it does not require one. *See Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). If damages are calculable or liquidated, then the court may forego an evidentiary hearing because the facts establishing damages are not distinct from the facts establishing liability. *See United States v. Di Mucci*, 879 F.2d 1488, 1497–98 (7th Cir. 1989); *Barnes v. Abraham, Inc.*, 2017 WL 5714091, at *2 (S.D. Ohio Nov. 28, 2017) ("A court may determine damages without holding an evidentiary hearing if the damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." (internal quotation marks omitted)). On the other hand, "[w]here damages are unliquidated a default admits only defendant's liability and the

7

amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal quotation marks omitted).

In their Motion, Plaintiffs seek four forms of monetary damages: payment of the delinquent contributions Crowe owes to the Funds, liquidated damages pursuant to the governing documents, interest on Crowe's delinquent contributions, and reasonable attorney's fees. (ECF No. 11 at 1). The exhibits submitted in support of Plaintiffs' motion confirm that the damages are sufficiently certain and calculable from: Plaintiffs' delinquent contributions were calculated pursuant to an ERISA audit based on the governing agreements and reported by the Plaintiffs' Communications/Contractor Relations Manager. (S*ee* ECF No. 11-1 (decl. of Brian Gatson)). As such, the Court may rule on the papers.

### A. Contributions, Interest, and Liquidated Damages

ERISA § 502 specifies the awards available in cases involving delinquent contributions. Where "a judgment in favor of the plan is awarded, the court shall award" the following:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>  (i) interest on the unpaid contributions, or
>  (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). "The language of Section 1132(g) is mandatory." *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 388 (6th Cir. 1991)

The governing documents specify how liquidated damages and interest are to be calculated. "If contributions or dues are not received by the last day of the month following the month in

which the hours were worked, the Employer will be subject to, and agrees to pay, a delinquency assessment of ten percent (10%) plus one percent (1%) per month for each month the Employer is delinquent to cover the additional cost and expense of continuing administration during the period of delinquency, interest and any and all costs of collection including reasonable attorney's fees." (*See e.g.*, ECF No. 11-2 ¶ 9). Plaintiffs applied these policies when calculating total damages and determined the amount of untimely contributions for the months between January 2022 through August 2024 to total $25,628.75 in principal, $5,157.10 in liquidated damages, and interest in the amount of $2,454.31 through the filing of the motion for default judgment. (ECF No. 11-1 at ¶¶ 17-18). Consistent with ERISA § 505, the governing documents, and the audit results, this Court finds that Plaintiffs are entitled to the requested award.

### B. Attorney's Fees

ERISA also entitles a prevailing plaintiff to reasonable attorney's fees as determined by the district court. 29 U.S.C. § 1132(g)(2)(D). The award is mandatory. *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The court determines the fee amount using the "lodestar" method, which begins by calculating "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* at 1401 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). If both inputs are reasonable, then "the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (citing *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986)). The "lodestar method" involves multiplying "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Martinez v. Blue Star Farms, Inc.*, 325 F.R.D. 212, 220–221 (W.D. Mich. 2018) (collecting cases).

Plaintiffs' counsel, Ryan K. Hymore, submitted a declaration supporting the requested attorney's fees. (ECF No. 11-6 (decl. of Ryan Hymore)). He expended 7.7 hours in this suit at an hourly rate of $350.00. (*Id.* ¶ 9). Mr. Sponaugle, a paralegal with Mr. Hymore's firm, expended 15.8 hours at an hourly rate of $ 180. (Id.). The total lodestar award for their totals $5,539.00. Mr. Hymore seeks $4,541.98—or approximately 82% of that amount. This Court finds the hours expended were reasonable and necessary to investigate the claim, file the case, and obtain a default judgment reasonable in light of comparable work in similar matters. See Boards of Trs. of Ohio Laborers' Benefits v. Cole Burton Contractors, LLC, No. 2:23-CV-1626, 2024 WL 4452274, at *3 (S.D. Ohio Oct. 9, 2024) (Sargus, J.) (finding Mr. Hymore and Mr. Sponaugle's hourly rates reasonable); Bds. of Trs. of the Ohio Laborers' Bens. v. Folmar & Son, LLC, No. 2:23-cv-3772, 2024 WL 3329865, at *7 (S.D. Ohio June 26, 2024) (Morrison, J.) (same).

### C. Total Damages

To summarize, the Court awards $25,628.75 in unpaid and delinquent contributions, $5,157.10 in liquidated damages, $2,454.31 in accrued interest, and $4,541.98 in attorney's fees, $740.95 in court costs[2] for a total judgment of $38,523.09. This Court also grants Plaintiffs' request for interest from the date of judgment at the rate of 1% per month pursuant to the Agreement. (ECF No. 11 at 5 (citing ECF No. 11-1 ¶ 14)).

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Default Judgment (ECF No. 11) is **GRANTED**. It is hereby **ORDERED** that judgment be entered in favor of Plaintiffs Boards of Trustees of the Ohio Laborers Benefits and against Defendant Crowe Construction Inc. in the

---

[2] Plaintiffs request the following court costs: $405.00 for the court filing fee; $135.00 for personal service of the Complaint and Summons; $5.95 for certified mail service of the Complaint on the Secretary of Labor and the Secretary of the Treasury pursuant to 29 U.S.C. § 1132(h); and $195.00 for the court reporter fee for the 30(b)(3) deposition. (ECF No. 11-6 ¶ 10).

amount of $38,523.09—i.e., $25,628.75 in principal, $5,157.10 in liquidated damages, $2,454.31 interest to date, plus $4,541.98 in attorney's fees, and $740.95 in court costs——plus interest from date of judgment at the rate of 1% per month under the Agreement.  The Clerk of the Court is directed to close the case administratively.

    **IT IS SO ORDERED.**

                                               _____
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**DATED: September 5, 2025**